ACCEPTED
03-15-00423-CV
7479727
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 3:13:12 PM
JEFFREY D. KYLE
CLERK

IN THE THIRD COURT OF APPEALS

## NO. 03-15-00423-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 3:13:12 PM
JEFFREY D. KYLE
Clerk

STAR OPERATIONS, INC.
AND
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK
*Appellants*
vs.
DIG TECH, INC.
*Appellee*

Appealed from the 22nd Judicial District Court
Caldwell County, Texas

## APPELLANTS' AND CROSS-APPELLANT'S JOINT MOTION TO EXTEND RESPECTIVE DEADLINES TO FILE INITIAL BRIEFS

TO THE HONORABLE COURT OF APPEALS:

Appellant/Cross-Appellee Star Operations, Inc. ("Star"), Appellant/Cross-Appellee Great American Insurance Company of New York ("GAIC"), and Appellee/Cross-Appellant Dig Tech, Inc. ("Dig Tech") file this Joint Motion for Extension of time to file their respective initial briefs pursuant to TEX. R. APP. 38.6(d). In support hereof, all parties assert the following:

1.    This motion is filed within the 15-day period to file a motion to extend the time to file the parties' respective initial briefs.

2.    All parties agree to this motion.

{C1197934.DOCX:2}                    P a g e  | 1

3. The Court may grant an extension of time under Texas Rule of Appellate Procedure 10.5(b).

4. The current deadline to file the parties' respective initial briefs is November 2, 2015. Appellants and Cross-Appellant each request an additional 20 days to file their respective initial briefs, extending the time until November 22, 2015.

5. Appellants Star and GAIC need an extension to allow the trial court Reporter to supplement the Reporter's Record, which is currently incomplete. During the course of finalizing their brief, Appellants' counsel discovered that pages 68 and 69 were missing from DX-119 (Facilities Concession Agreement) that was admitted in its entirety in the trial court below. It is presumed that the omission of pages 68 and 69 was simply an inadvertent copying error on the part of the Reporter. As reflected in the letter attached hereto as Exhibit "1," counsel for Appellants have requested that the Reporter supplement the Reporter's Record to include the missing pages. Cross-Appellant is unopposed to the requested supplementation. (Exhibit 2, Rule 11 Agreement).

6. Appellants request a 20-day extension of time to file their initial brief to allow the Reporter to supplement the record with the missing pages 68 and 69 of DX-119.

7.      Cross-Appellant requests a reciprocal 20-day extension of time to file their initial brief so the parties' initial briefs will be due on the same day. Appellants are unopposed to this reciprocal extension.

8.      There have been no previous extensions requested or granted.

## PRAYER

FOR THE FOREGOING REASONS, Appellants and Cross-Appellant request that the Court: (1) extend Appellants' deadline to file their initial brief to November 22, 2015; and (2) extend Cross-Appellant's deadline for filing its initial brief to November 22, 2015.

Respectfully submitted,

BRANSCOMB|PC
802 N. Carancahua, Suite 1900
Corpus Christi, TX 78401-0036
Telephone: )361/886-3800
Telecopier: 361/886-3805

James H. Robichaux
SBN 17083000
jrobichaux@branscombpc.com
Clinton W. Twaddell, III
SBN 24071537
ctwaddell@branscombpc.com

ATTORNEYS FOR APPELLANTS AND CROSS-APPELLEES STAR OPERATIONS, INC. AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

SUSMAN GODFREY L.L.P.

By: _____

Brian D. Melton
Texas State Bar No. 24010620
Chanler A. Langham
Texas State Bar No. 24053314
1000 Louisiana Street Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

ATTORNEYS FOR APPELLEE AND
CROSS-APPELLANT DIG TECH, INC.

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Chanler Langham by email, and the parties agree to the relief requested in this motion.

_____
Clinton W. Twaddell III

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been forwarded to counsel of record in accordance with the applicable Tex. R. Civ. P. as listed below on this the _____ day of October, 2015.

Brian Melton
Chanler A. Langham
SUSMAN GODFREY L.L.P.
1000 Louisiana Street Suite 5100
Houston, TX 77002-5096

_____
James H. Robichaux

SUSMAN GODFREY L.L.P.

By:_____

Brian D. Melton
Texas State Bar No. 24010620
Chanler A. Langham
Texas State Bar No. 24053314
1000 Louisiana Street Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

ATTORNEYS FOR APPELLEE AND
CROSS-APPELLANT DIG TECH, INC.

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Chanler Langham by email, and the parties agree to the relief requested in this motion.

_____
Clinton W. Twaddell III

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been forwarded to counsel of record in accordance with the applicable Tex. R. Civ. P. as listed below on this the 21st day of October, 2015.

Brian Melton
Chanler A. Langham
SUSMAN GODFREY L.L.P.
1000 Louisiana Street Suite 5100
Houston, TX 77002-5096

_____
James H. Robichaux

{C1197934.DOCX:2}

Page 4

# VERIFICATION

STATE OF TEXAS       §

COUNTY OF NUECES       §

BEFORE ME, the undersigned authority, on this day personally appeared JAMES H. ROBICHAUX, who being by me first duly sworn upon his oath deposed and stated the following:

"My name is James H. Robichaux. I am the attorney of record in the trial court below for the Appellants and am the lead counsel on appeal for Appellants Star Operations, Inc. I have read the foregoing Motion for extension of time to file Appellants' Brief and state that the statements contained in paragraph 5 are within my personal knowledge and true and correct."

_____
James H. Robichaux

SWORN AND SUBSCRIBED TO BEFORE ME, which witness my hand and seal of office, by the said JAMES H. ROBICHAUX on the 21st day of October, 2015.

(SEAL)

_____
Notary Public, State of TEXAS

DONNA L COLLINS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-19-2018

# EXHIBIT #1

## LETTER TO COURT REPORTER DATED 10/19/15
### RE: SUPPLEMENTAL REPORTER'S RECORD

# BRANSCOMB|PC

46147-0104

October 19, 2015

Ms. Aisha K. White-Thompson
Official Court Reporter 421st District Court
1703 South Colorado, Suite 1317
Lockhart, Texas 78644
*Via Electronic Mail and Federal Express*

Re:     Cause No. 12-0-337; *Dig Tech, Inc. v. Star Operations, et. al.*; In the 22nd Judicial District Court, Caldwell County Texas; appeal filed, No. 03-15-00423-CV in the Third Court of Appeals, July 10, 2015

Dear Ms. White-Thompson:

We represent the Defendant, Appellant and Cross-Appellee, Star Operations, Inc., in this case. In reviewing Volume 33 of the Reporter's Record you prepared, it came to our attention that pages 68 and 69 of Defendant's Exhibit 119 were omitted from the record.

Attached to this letter are pages 68 and 69 of Defendant's Exhibit 119. I am forwarding to you via Federal Express a complete copy of DX-19 as it was offered and admitted into evidence, including pages 68 and 69. Pursuant to Texas Rule of Appellate Procedure 34.5(c)(1), Star Operations requests that you prepare, certify and file a supplemental clerk's record containing the missing pages 68 and 69.

As always, should your office have any questions, please do not hesitate to let us know.

Very truly yours,

Clinton W. Twaddell, III

/cgs
Enclosures
Cc *via electronic mail*:
        Chanler Langham
        Star Operations, Inc.
        GAIC

**EXHIBIT**

# 1

and Facility Management Plan and (c) to verify the Independent Engineer's proper performance of its responsibilities and obligations. TxDOT shall conduct such activity in accordance with Developer's safety procedures and manuals, and in a manner that does not unreasonably interfere with normal construction activity or normal operation and maintenance of the Facility.

**9.3.2.2** Refer to Section 22.2 for TxDOT's rights to audit Developer and its Contractors. Developer acknowledges and agrees that TxDOT will have the right to audit, monitor and inspect the Independent Engineer and its compliance with Good Industry Practice and its responsibilities and obligations under the Independent Engineer Agreement.

**9.3.2.3** TxDOT will not conduct formal prior reviews of Design Documents except to the extent necessary or advisable to comply with FHWA requirements or unless TxDOT chooses to do so during any period there exists an uncured Persistent Developer Default for which TxDOT has given notice to Developer.

### 9.3.3 Rights of Cooperation and Access; Increased Oversight

**9.3.3.1** Developer at all times shall coordinate and cooperate, and require its Contractors to coordinate and cooperate, with the Independent Engineer to facilitate the full, efficient, effective and timely performance by the Independent Engineer of his or her monitoring, inspection, sampling, measuring, testing, reporting, auditing, and other oversight functions.

**9.3.3.2** Developer at all times shall coordinate and cooperate, and require its Contractors to coordinate and cooperate, with TxDOT and its Authorized Representative to facilitate TxDOT's oversight activities. Developer shall cause its representatives to be available at all reasonable times for consultation with TxDOT and the Independent Engineer.

**9.3.3.3** Without limiting the foregoing, Developer shall afford TxDOT, its Authorized Representative and the Independent Engineer (a) safe and unrestricted access to the Facility at all times, (b) safe access during normal business hours to Developer's Facility offices and operations buildings and (c) unrestricted access to data respecting the Facility design, construction, operations and maintenance, and the Utility Adjustment Work. Without limiting the foregoing, Developer shall deliver to TxDOT and the Independent Engineer upon request accurate and complete books, records, data and information regarding Work, the Facility and the Utility Adjustment Work, in the format required by the Technical Requirements.

**9.3.3.4** TxDOT and the Independent Engineer shall have the right to increase the type and level of their oversight during any period there exists an uncured Persistent Developer Default for which TxDOT has given notice to Developer.

### 9.3.4 Testing and Test Results

Each of the Independent Engineer and TxDOT shall have the right to attend and witness any tests and verifications to be conducted pursuant to the Technical Requirements and applicable Management Plans, including accuracy, availability and performance tests of the Electronic Toll Collection System. Developer shall provide to the Independent Engineer and TxDOT all test results and reports (which may be provided in electronic format in accordance with the Technical Requirements) within ten days after Developer receives them.

TEXAS DEPARTMENT OF TRANSPORTATION      - 68 -      EXECUTION VERSION
SH 130 Segments 5 and 6      FACILITY CONCESSION AGREEMENT
324869_12.DOC

## ARTICLE 10. CONTRACTING AND LABOR PRACTICES

### 10.1 Disclosure of Contracts and Contractors

10.1.1 Developer shall provide TxDOT and the Independent Engineer with a list of all Contracts, the Contractors thereunder, guarantees of Key Contracts and the guarantors thereunder with each monthly report required under this Agreement or the Technical Requirements. Developer shall allow TxDOT and the Independent Engineer ready access to all Contracts and records regarding Contracts, including amendments and supplements to Key Contracts and guarantees thereof; provided, however, that Developer may provide access thereto by depositing unredacted copies in the Intellectual Property Escrow as provided in Section 22.5.

10.1.2 Within five days after Developer enters into a definitive agreement with any Contractor, Developer shall notify TxDOT in writing of the name, address, phone number and authorized representative of such Contractor.

### 10.2 Responsibility for Work, Contractors and Employees

10.2.1 Developer shall retain or cause to be retained only Contractors that are qualified, experienced and capable in the performance of the portion of the Work assigned. Developer shall assure that each Contractor has at the time of execution of the Contract, and maintains at all times during performance of the assigned Work, all licenses required by applicable Laws.

10.2.2 The retention of Contractors by Developer will not relieve Developer of its responsibilities hereunder or for the quality of the Work or materials or services provided by it. Developer will at all times be held fully responsible to TxDOT for the actions, omissions, negligence, willful misconduct, or breach of applicable Law or contract by Contractors.

10.2.3 Each Contract shall include terms and conditions sufficient to ensure compliance by the Contractor with the requirements of the FCA Documents, and shall include those terms that are specifically required by the FCA Documents to be included therein including, to the extent applicable, those set forth in Exhibit 8.

10.2.4 Nothing in this Agreement will create any contractual relationship between TxDOT and any Contractor. No Contract entered into by or under Developer shall impose any obligation or liability upon TxDOT to any Contractor or any of its employees.

10.2.5 Developer shall supervise and be fully responsible for the actions, omissions, negligence, willful misconduct, or breach of applicable Law or contract by any member or employee of Developer or any Developer-Related Entity, as though all such individuals were directly employed by Developer.

### 10.3 Key Contracts; Contractor Qualifications

#### 10.3.1 Use of and Change in Key Contractors

Developer shall retain, employ and utilize the firms and organizations specifically listed in the Facility Management Plan to fill the corresponding Key Contractor positions listed therein. Developer shall not terminate any Key Contract with a Key Contractor, or permit or suffer any

# EXHIBIT #2

## RULE 11 AGREEMENT
### RE: SUPPLEMENTAL REPORTER'S RECORD

# BRANSCOMB | PC

Clinton W. Twaddell, III
Direct Dial: (512)735-7809
Email: ctwaddell@branscombpc.com

46147.0104

October 21, 2015

**VIA ELECTRONIC MAIL**
Chanler A. Langham
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

       Re:    Cause No. 03-15-00423, *Star Operations, Inc. and Great American Insurance Company of New York vs. Dig Tech, Inc.*, pending before the Third Court of Appeals, Austin, Texas

Dear Chanler:

Please allow your signature in the space provided below to indicate your agreement that Dig Tech does not oppose Star and GAIC's request to supplement the reporter's record with the attached pages 68 and 69 of the Facility Concession Agreement which was admitted in evidence at trial as Defendants' Exhibit 119.

Respectfully,

Clinton W. Twaddell, III

Enclosure

AGREED:

Chanler Langham
Counsel for Dig Tech, Inc.

**EXHIBIT**

tabbies

# 2

[C1199547.DOC:1]

and Facility Management Plan and (c) to verify the Independent Engineer's proper performance of its responsibilities and obligations. TxDOT shall conduct such activity in accordance with Developer's safety procedures and manuals, and in a manner that does not unreasonably interfere with normal construction activity or normal operation and maintenance of the Facility.

**9.3.2.2** Refer to Section 22.2 for TxDOT's rights to audit Developer and its Contractors. Developer acknowledges and agrees that TxDOT will have the right to audit, monitor and inspect the Independent Engineer and its compliance with Good Industry Practice and its responsibilities and obligations under the Independent Engineer Agreement.

**9.3.2.3** TxDOT will not conduct formal prior reviews of Design Documents except to the extent necessary or advisable to comply with FHWA requirements or unless TxDOT chooses to do so during any period there exists an uncured Persistent Developer Default for which TxDOT has given notice to Developer.

### 9.3.3    Rights of Cooperation and Access; Increased Oversight

**9.3.3.1** Developer at all times shall coordinate and cooperate, and require its Contractors to coordinate and cooperate, with the Independent Engineer to facilitate the full, efficient, effective and timely performance by the Independent Engineer of his or her monitoring, inspection, sampling, measuring, testing, reporting, auditing, and other oversight functions.

**9.3.3.2** Developer at all times shall coordinate and cooperate, and require its Contractors to coordinate and cooperate, with TxDOT and its Authorized Representative to facilitate TxDOT's oversight activities. Developer shall cause its representatives to be available at all reasonable times for consultation with TxDOT and the Independent Engineer.

**9.3.3.3** Without limiting the foregoing, Developer shall afford TxDOT, its Authorized Representative and the Independent Engineer (a) safe and unrestricted access to the Facility at all times, (b) safe access during normal business hours to Developer's Facility offices and operations buildings and (c) unrestricted access to data respecting the Facility design, construction, operations and maintenance, and the Utility Adjustment Work. Without limiting the foregoing, Developer shall deliver to TxDOT and the Independent Engineer upon request accurate and complete books, records, data and information regarding Work, the Facility and the Utility Adjustment Work, in the format required by the Technical Requirements.

**9.3.3.4** TxDOT and the Independent Engineer shall have the right to increase the type and level of their oversight during any period there exists an uncured Persistent Developer Default for which TxDOT has given notice to Developer.

### 9.3.4    Testing and Test Results

Each of the Independent Engineer and TxDOT shall have the right to attend and witness any tests and verifications to be conducted pursuant to the Technical Requirements and applicable Management Plans, including accuracy, availability and performance tests of the Electronic Toll Collection System. Developer shall provide to the Independent Engineer and TxDOT all test results and reports (which may be provided in electronic format in accordance with the Technical Requirements) within ten days after Developer receives them.

## ARTICLE 10. CONTRACTING AND LABOR PRACTICES

### 10.1 Disclosure of Contracts and Contractors

**10.1.1** . Developer shall provide TxDOT and the Independent Engineer with a list of all Contracts, the Contractors thereunder, guarantees of Key Contracts and the guarantors thereunder with each monthly report required under this Agreement or the Technical Requirements. Developer shall allow TxDOT and the Independent Engineer ready access to all Contracts and records regarding Contracts, including amendments and supplements to Key Contracts and guarantees thereof; provided, however, that Developer may provide access thereto by depositing unredacted copies in the Intellectual Property Escrow as provided in Section 22.5.

**10.1.2** Within five days after Developer enters into a definitive agreement with any Contractor, Developer shall notify TxDOT in writing of the name, address, phone number and authorized representative of such Contractor.

### 10.2 Responsibility for Work, Contractors and Employees

**10.2.1** Developer shall retain or cause to be retained only Contractors that are qualified, experienced and capable in the performance of the portion of the Work assigned. Developer shall assure that each Contractor has at the time of execution of the Contract, and maintains at all times during performance of the assigned Work, all licenses required by applicable Laws.

**10.2.2** The retention of Contractors by Developer will not relieve Developer of its responsibilities hereunder or for the quality of the Work or materials or services provided by it. Developer will at all times be held fully responsible to TxDOT for the actions, omissions, negligence, willful misconduct, or breach of applicable Law or contract by Contractors.

**10.2.3** Each Contract shall include terms and conditions sufficient to ensure compliance by the Contractor with the requirements of the FCA Documents, and shall include those terms that are specifically required by the FCA Documents to be included therein including, to the extent applicable, those set forth in Exhibit 8.

**10.2.4** Nothing in this Agreement will create any contractual relationship between TxDOT and any Contractor. No Contract entered into by or under Developer shall impose any obligation or liability upon TxDOT to any Contractor or any of its employees.

**10.2.5** Developer shall supervise and be fully responsible for the actions, omissions, negligence, willful misconduct, or breach of applicable Law or contract by any member or employee of Developer or any Developer-Related Entity, as though all such individuals were directly employed by Developer.

### 10.3 Key Contracts; Contractor Qualifications

#### 10.3.1 Use of and Change in Key Contractors

Developer shall retain, employ and utilize the firms and organizations specifically listed in the Facility Management Plan to fill the corresponding Key Contractor positions listed therein. Developer shall not terminate any Key Contract with a Key Contractor, or permit or suffer any

TEXAS DEPARTMENT OF TRANSPORTATION    - 69 -    EXECUTION VERSION
SH 130 Segments 5 and 6    FACILITY CONCESSION AGREEMENT
324869_12.DOC